## T. Jewell *v.* R. B. Read and W. H. Harris.

Where the act of mortgage neither describes the person nor gives the name of the slave mortgaged, but simply states that *Read*, the mortgagor, mortgages to *Jewell*, the mortgagee, "the property conveyed by him (*Jewell*) this day to the said *Rice B. Read*, as per act of sale passed before me, the said notary," and the act of mortgage was recorded, but the act of sale was not. *Held :* That the mortgage was insufficient to effect a purchase without notice, for a valuable consideration.

APPEAL from the District Court of the Parish of Madison, ———, J.*  *Bemiss & Hynes*, for plaintiff and appellant.

*Short & Parham*, for defendant:

The mere reference to a deed, for the description of property, will not bind third parties. C. C. 3273, 3272, 3274. 5 An. 123. C. C. 3275, 3275. A mortgagee who seeks to enforce his mortgage against third persons, must show that his mortgage has been duly recorded. 2 R. R. 17. 6 R. R. 333.

SLIDELL, C. J. The plaintiff seeks to enforce a mortgage upon a slave in the hands of *Harris*, a third possessor. The act of mortgage does not mention nor describe the slave, but *Read*, the mortgagor, simply mortgages to *Jewell*, "the property conveyed by him this day, to the said *Rice B. Read*, as per act of sale passed before me, notary." This mortgage was recorded in the book of conventional mortgages, but the deed of sale which conveyed the slave to *Read*, was not recorded with it simultaneously in the mortgage book, nor at any other time in that book, so far as the evidence informs us. This inscription was manifestly insufficient to charge with notice the defendant, *Harris*, an admitted purchaser for a valuable consideration. *Perot* v. *Chambers*, 2 An. 800. *Robertson* v. *Brown*, 5 An. 154.

Judgment affirmed, with costs.

---

*It does not appear from the record that the judgment of the District Court was signed.